# Common Pleas of Luzerne.

Von Storch et al vs. Heermans et al.

First. Papers offered in evidence upon the trial of a cause, which are not matters of record, may be shown by witness present at that trial, to have been used for a certain purpose named. Boland, vs. Connolly, 23, P. F. Smith, followed.

Second. Court will, in its discretion order such paper, or a copy thereof, filed among the records of the case, when it is alleged under affidavit that the same is for the purpose of identification in other matters pending between the same parties.

Opinion by Handley J., January 29, 1879.

After this case was affirmed by the Supreme Court and reargument refused, John Heermans filed his petition praying the court for an order or rule to show cause why this judgment shall not be opened and John Heermans let into a defense as the sole defendant. We allowed the rule, and after argument discharged the same. For our opinion, see Von Storch, vs. Heermans, M. S. January 3rd, 1878.

June 1st 1878, John Heermans filed his petition, again representing therein that at the time of the trial of this cause an exception was taken in the usual form, to the charge of the court, and at the same time a request that the evidence might be filed of record together with the said charge; that the only portion of the evidence filed was a copy of the notes of evidence as taken down by the judge trying the cause; that these notes contained only brief memorandum referring to certain records and bonds and other matter that had been offered in evidence, and therefore the plaintiffs took exceptions to the same as not being the full evidence in the cause and thereby prevent-ing such proceedings as the defendants are by law justly entitled to take; that the said plaintiffs have never filed of record the bonds and other items of documentary evidence presented by them in the trial of the same, and are thus endeavoring to take advantage of their own wrong; that

the petitioner therefore prays the court to make an order requiring both of the parties to file of record all such papers and documents, or true copies thereof, as may be necessary to enable the court to fully certify the evidence taken in the cause. To this application the plaintiffs made answer that the records offered in evidence at the trial of the cause, were records of judgments in the Court of Common Pleas of Luzerne, and are as accessible to the defendants as to the plaintiffs; that no request has ever been made to the plaintiffs to furnish a copy of any bond or other paper offered in evidence, nor has the plaintiffs ever refused such copy of any paper in their possession. For further answer the plaintiffs say that the defendants removed the cause to the Supreme Court and argued it before that court when the judgment of the Court of Common Pleas was affirmed* * * *. It is therefore submitted that no other or further proceeding can be lawfully had in the case except to enforce the judgment of the court, which in view of the long delay should be done at once.

We refused on the 9th day of June 1878, the order prayed for because the answer of the plaintiffs disproved all charges of fraud in this connection. This application was again on the 18th day of November 1878, renewed, and to this application the plaintiffs made several objections which are reduced to writing and filed in this case. The defendant alleges that it was not his intention and did not charge fraud in this case, but that his object in having the bonds and papers, or copies thereof, filed among the records of this case, is that hereafter all parties may know upon what claim this judgment is founded. The plaintiffs allege that all papers or documents, offered in evidence, are matters of record, except one bond.

We are of the opinion that there is not much force in the defendant's reason for the order he seeks. In the case of Boland, vs. Connolly, 23, P. F. Smith, 336, a contract and receipts which had been used in evidence in a former trial, were admitted under objections. Hence, if at any time hereafter a suit at law or in equity should be com-

menced between these parties or others, Heermans can show the fact that there has been a former recovery on the subject matter then before the court. Notwithstanding this is the rule of law we will grant relief in this matter so far as to direct the plaintiffs to file among the records of this case the bond used in evidence but not on record, or a copy thereof, and also any other paper which was used in evidence, but not of record, but we cannot order a stay of proceedings except as herein directed.

We therefore order and direct that the plaintiffs file of record a copy of the bond in question together with such other paper offered in evidence and used on the trial of this case, within thirty days from the filing of this order, otherwise all proceedings to be stayed.

Ricketts for Motion.

Palmer Contra.